# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

ALEXANDER MORRIS, )
 )
          Plaintiff, )
 )
    v. ) No. 06-4116-CV-C-NKL
 )
KEVIN BOND, et al., )
 )
          Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff Alexander Morris, an inmate confined in the Pettis County Jail, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On July 27, 2006, plaintiff was directed to make an initial payment of $28.89 toward the filing fee. Plaintiff was advised that failure to comply with the court order could result in dismissal, pursuant to Fed. R. Civ. P. 41(b). As stated in M.S. v. Wermers, 557 F.2d 170, 175 (8th Cir. 1977):

> A district court has power to dismiss an action for failure of the plaintiff to comply with 'any order of court.' Fed. R. Civ. P. 41(b). Such action may be taken on the court's own motion, Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95, 96 (8th Cir. 1971); see Stanley v. Continental Oil Co., 536 F.2d 914, 916-17 (10th Cir. 1976), and may be exercised under the court's inherent power to control its docket, Pond v. Braniff Airways, Inc., 453 F.2d 347, 349 (5th Cir. 1972); see also Link v. Wabash R.R. Co., 370 U.S. 626, 629-33 (1962), and to protect the integrity of its orders, Fendler v. Westgate-California Corp., 527 F.2d 1168, 1170 (9th Cir. 1975). See generally 15 A.L.R. Fed. 407 (1973).

A review of the record indicates plaintiff has not paid the initial portion of the filing fee.

IT IS, THEREFORE, RECOMMENDED that plaintiff's claims be dismissed for failure to comply with court orders, pursuant to the provisions of Fed. R. Civ. P. 41(b).

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the

specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 26th day of September, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge